UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAMERON JOSEPH WIEGAND,
Plaintiff,

v.

JASMINE COLOMBO DAVIS, et al.,
Defendants.

Case No. 26-cv-09659-WHO

**ORDER DENYING TEMPORARY RESTRAINING ORDER; GRANTING IFP APPLICATION; AND SCREENING COMPLAINT**

Re: Dkt. Nos. 1, 2, 3

Plaintiff Cameron Joseph Wiegand, proceeding *pro se*, brings this motion for emergency ex-parte relief to obtain immediate custody of his minor child. Application for Temporary Restraining Order ("TRO") [Dkt. No. 2]. Wiegand has also filed a complaint against defendants Jasmine Colombo Davis, the mother of the child, and Edward Charles Reardon V, an individual whose relevance is unclear. The complaint states that Wiegand's claims are brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961 *et seq.* and the U.S. Constitution but does not identify any specific cause of action against defendants. Complaint ("Compl.") [Dkt. No. 1]. Wiegand additionally requests to proceed *in forma pauperis* (IFP). IFP Application [Dkt. No. 3].

I GRANT Wiegand's request to proceed *in forma pauperis*. Wiegand has, however, failed to show that he is entitled to a TRO. At its core, this matter is a child custody dispute and an attempt to alter the custody regime put in place by the Nevada state courts. Such a matter is not appropriate for federal intervention. Accordingly, his application for TRO is DENIED. In addition, his complaint fails to comply with Federal Rule of Civil Procedure 8(a) in providing "a short and plain statement of the claim showing that the pleader is entitled to relief" or otherwise identify a claim for which he is entitled to relief. His complaint is therefore DISMISSED under

United States District Court
Northern District of California

28 U.S.C. § 1915 with leave to amend.

**BACKGROUND**

Wiegand's complaint provides very little background on this matter. It refers the court to an attached statement of facts but no document has been attached. Compl. at 3. What facts are discernible comes from Wiegand's application for a TRO and are briefly summarized below.

Wiegand alleges that, on October 9, 2025, the Clark County Family Court awarded Wiegand "sole legal and physical custody" of his minor child. TRO at 3. Davis, however, violated this order, removed the minor child from her school "and absconded." *Id.* This removal from school also disrupted the child's participation in her individual education plan (IEP). *Id.* Despite Davis's violation of the existing court order, the court then granted her custody of the child on October 24, 2025. *Id.*

Wiegand further alleges that his child is "in immediate danger of physical, sexual and psychological harm while in the custody of a criminal enterprise operation in Clark County, Nevada." *Id.* at 1. This criminal enterprise is run by co-defendant Reardon and "has compromised the Clark County Family Court system, rendering state remedies not just ineffective but actively hostile." *Id.* at 2. Because of this infiltration of official channels, entities such as the Las Vegas Metropolitan Police Department have "demonstrated systematic failure to act," including "evidence suppression," "administrative gatekeeping," and "tactical neutralization." *Id.*

On July 20, 2026, Wiegand received an email from an executive assistant at the Clark County court, addressing him as Charles Wiegand. *Id.* at 3. As this is the first name of the alleged head of the criminal enterprise, Wiegand asserts that the "enterprise has effectively 'hijacked' [his] identity within the court's administrative records." *Id.* Wiegand also alleges that the email represents "a procedural irregularity" because it informs him that an ex parte motion he had filed was improper and must be filed instead as a regular motion. *Id.* According to Wiegand, "[t]his single piece of evidence proves the state court system is captured." *Id.*

In his TRO application, Wiegand seeks the following forms of relief:

1. **Emergency Removal:** Immediate removal of minor child from respondent custody.
2. **Custody Transfer:** Transfer of custody to Petitioner under U.S. Marshals Service escort.

3. **Forensic Preservation:** Order for all digital devices and records in respondent possession.
4. **Toxicological Examination:** Court-ordered medical screening of minor child.
5. **72-Hour Hearing:** Emergency hearing for preliminary injunction.
6. **Sealed Proceedings:** Order sealing all filings under 18 U.S.C. § 2255.
7. **In Forma Pauperis Status:** Waiver of filing fees.
8. **Judicial Referral:** Referral to the U.S. Attorney's Office and FBI for criminal investigation.

*Id.* at 4-5. As discussed above, the complaint itself does not identify any cause of action nor specific relief requested.

**LEGAL STANDARD**

**I. Temporary Restraining Order**

The standard for issuing a TRO is largely identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Petitioners seeking such relief must establish that (1) they are likely to succeed on the merits; (2) they are "likely to suffer irreparable harm" in the absence of irreparable relief; (3) the "balance of equities tips in [their] favor"; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor and the other two *Winter* factors are satisfied.' " *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

Although the substantive standards for both motions are similar, the timeframe for a TRO is different. While a preliminary injunction remains in effect pending final resolution of the litigation, a TRO "should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)). Federal Rule of Civil Procedure 65(b)(1) allows a TRO to be issued without notice to the opposing

party—i.e., ex parte—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the "movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

## II. In Forma Pauperis

When a district court grants *in forma pauperis* ("IFP") status, the court must screen the complaint and dismiss the action if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all in forma pauperis complaints). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (citation modified). But the court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims that are not on their face subject to dismissal

under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

**DISCUSSION**

**I. IFP Application**

In his IFP application, Wiegand states that he is unemployed and living with his parents. IFP Application at ECF[1] 1, 5. He asserts that he possesses no savings and no assets. *Id.* at ECF 2-3. Presumably because he currently lives with his parents, he has no monthly expenses other than a $300 car insurance payment. *Id.* at ECF 3. Given his lack of income and assets, I GRANT Wiegand's IFP application.

**II. Temporary Restraining Order**

A TRO is an emergency remedy to be issued only when necessary to prevent irreparable harm before a preliminary injunction can be heard. *See Carnero v. EMC Mortgage Corp.*, No. C 09-4696 JF (HRL), 2009 WL 3619316, at *1 (N.D. Cal. Oct. 29, 2009). In order to issue a TRO, however, the court must have jurisdiction over the matter and the ability to grant the relief requested. Here, as a matter of law, I do not have jurisdiction to consider Wiegand's claims and further cannot order the change in custody that he seeks.

"Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Federal courts primarily may exercise subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). Wiegand does not allege that diversity jurisdiction is proper but does assert that this court has federal question jurisdiction. He identifies a number of statutes—such as "28 U.S.C. § 1651: All Writs Act," "28 U.S.C. § 1738A: Parental Kidnapping Prevention Act," and "18 U.S.C. §§ 1961-1968: RICO" as well as the U.S. Constitution as the basis for this jurisdiction. TRO at 2. Wiegand does not, however, identify any specific cause of action under these statutes in either his TRO application or his complaint. I cannot therefore conclude that Wiegand has adequately raised a federal question and that I may properly exercise jurisdiction over this action.

[1] This designation represents the page numbers assigned by the ECF system rather than the internal document numbering.

Even if I determined that federal question jurisdiction was appropriate, it is a long-standing rule that federal courts shall not interfere with issues of domestic relations, including child custody. *Bhandary v. Ghatak*, No. 26-cv-03177-PCP, 2026 WL 1893973, at *2 (N.D. Cal. June 30, 2026). That a case raises other issues such as conspiracy, constitutional violations, or child kidnapping does not circumvent this rule when the case "is at its core a child custody dispute." *Blount v. Superior Ct. of California, Cnty. of Contra Costa*, No. 25-CV-10852-CRB, 2026 WL 63577, at *2 (N.D. Cal. Jan. 8, 2026), *reconsideration denied*, No. 25-CV-10852-CRB, 2026 WL 694425 (N.D. Cal. Mar. 12, 2026), *and appeal dismissed sub nom. Blount v. Contra Costa Cnty. Superior Ct.*, No. 26-695, 2026 WL 2269044 (9th Cir. July 29, 2026) (internal quotation marks and citation omitted); *see also Chima v. Perkins*, 808 F. Supp. 3d 1055, 1061 (N.D. Cal. 2025) (allegations of judicial interference, child kidnapping, and a failure to investigate misconduct were "tied to the underlying custody litigation").

Based on the limited facts currently before me, it is clear that the case "is at its core a child custody dispute." The allegations of conspiracy all relate to Wiegand's attempts to engage with the state courts and with law enforcement to regain custody of his child. The relief he seeks is transfer of custody of his child. This is relief that must be obtained through the state courts as federal courts cannot grant such relief. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). The TRO is DENIED.

**III. Screening of the Complaint**

In addition to suffering from the defects identified above, Wiegand's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) because it fails to comply with the plain statement requirement of Federal Rule of Civil Procedure 8(a) or otherwise identify any claim on which relief may be granted. Other than the names of the parties and a statement that the complaint is brought under the RICO Act and the U.S. Constitution, the complaint contains no other allegations. Instead, it states that "[t]he detailed statement of facts, including specific dates, locations, and descriptions of the continuous interstate criminal activity is set forth in the attached statement of facts document which is incorporated herein by this reference." Compl. at 3. There

United States District Court
Northern District of California

is no statement of facts attached to the complaint. And a statement of facts would not cure the other defects of the complaint – it identifies no specific claims and fails to describe the relief sought.

Given Wiegand's *pro se* status and statements in the complaint suggesting that he has more information to provide, I DISMISS the complaint with leave to amend. I note, however, that to the extent Wiegand wishes to continue to seek revocation or adjustment of the custody order in place, he must look to the state courts for such relief.

**IV. Motion to Seal**

Wiegand has also filed a motion to seal and a series of exhibits referenced in his TRO. Dkt. No. 4. While the motion to seal itself is blank and offers no justification for sealing, the exhibits appear to primarily be pictures and medical information related to his minor child. I conclude that sealing is therefore appropriate and grant Wiegand's motion to seal all documents with the exception of Exhibit 4-B (a picture of an adult woman) and Exhibit 6-A (email from Clark County Court). These two exhibits only shall be refiled on the docket.

Wiegand also mentions his minor child's full legal name in several documents submitted to the court at Dkt. No. 2-1 (Affidavit ISO TRO) and Dkt. No. 3 (IFP). These dockets have been locked to protect this information. Wiegand shall refile redacted versions of both documents within 14 days of this order.

**CONCLUSION**

For the reasons set forth above, Wiegand's IFP application is GRANTED. His TRO application is DENIED and his complaint is DISMISSED with leave to amend. He shall file any amended complaint no later than **October 9, 2026.**

I recognize that Wiegand is proceeding *pro se* and recommend that he seek free limited legal assistance from the Court's Legal Help Desk by calling the appointment line at (415) 782-8982 or emailing fedpro@sfbar.org. Appointments are available both in-person at the San Francisco and Oakland courthouses or remotely by Zoom or telephone. The Legal Help Desk provides the opportunity to speak with an attorney who will provide basic legal help, but not legal representation. For more information, he may visit: https://cand.uscourts.gov/representing-

United States District Court
Northern District of California

yourself/jdc-legal-help-center-san-francisco-oakland-courthouses.

**IT IS SO ORDERED.**

Dated: September 10, 2026

William H. Orrick
United States District Judge